Dear Representative Morrish:
This office is in receipt of your request for an opinion of the Attorney General in regard to personal watercraft under R.S.34:851.15(A). R.S. 34:851.15(A) was amended and reenacted by Act1001 of 1999 so as to provide as follows:
 No motorboat which shall have in tow or shall be otherwise assisting a person on water-skis, surfboard, or similar contrivance shall be operated or propelled in or upon any waterway unless such motorboat shall be occupied by at least two competent persons; however, this Subsection shall not apply to motorboats used by representatives of duly constituted water-ski schools in the giving of instruction or to motorboats used in duly authorized water-ski tournaments, competitions, expositions, or trials thereof if applicable permit has been obtained from the department or the United States Coast Guard. This subsection shall also not apply to a motorboat being operated by a person sixteens old or older, which is equipped with a wide-angle convex marine rearview mirror of a minimum size of seven inches by fourteen inches in a position to observe the skiers being towed. The provisions of this subsection shall not apply to operation of personal watercraft. (The amendment is that portion underlined.)
Your inquiry is relative to personal watercraft as relates to this legislation, and you ask whether personal watercraft in any way or form is subject to the law as pertains to this act.
In accordance with R.S. 34:855.2 we find the following definition:
 As used in this Part, "personal watercraft" means a vessel which uses an inboard motor powering a water jet pump as its primary source of motive power and which is designed to be operated by a person sitting, standing, or kneeling on the vessel, rather than the conventional manner of sitting or standing inside the vessel.
It is our conclusion that Act No. 1001 of 1999 specifies that the requirements in the statute of having two persons on board a motor-boat or that there must be a wide-angle convex marine review mirror if a single person on board when towing an individual on water-skis, surfboard or other similar contrivance does not apply to the operation of personal watercraft. R.S.34:851.15 must be strictly construed inasmuch as it is a criminal statute. Therefore, a personal watercraft may tow a person on water skis, surfboard or other similar contrivance without an observer or rear-view mirror. Moreover, the regulations for the operation of a personal watercraft, commonly known as a jet ski, is set forth in R.S. 34:855.3, and there is no regulation therein pertaining to towing.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR